**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

**REBECCA PALENCIA,**

**Plaintiff,**                                         **CASE NO.**

v.

                                                        **JURY TRIAL DEMANDED**

**EQUIFAX INFORMATION SERVICES, LLC,**
**TRANSUNION, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**and CAPITAL ONE, NATIONAL ASSOCIATION,**

**Defendants.**
_____/

## COMPLAINT

Plaintiff, Rebecca Palencia, ("Plaintiff" or "Ms. Palencia"), by and through undersigned counsel, hereby files the following *Complaint* against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Transunion, LLC ("TransUnion"), and Capital One, National Association ("Capital One") (collectively "Defendants"), and states as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action pursuant to 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA").

2.  On or about July 2023, Capital One reported inaccurate and false information to Plaintiff's credit report. Specifically, Capital One is inaccurately reporting a credit card on my credit report that does not belong to Plaintiff.

1

3. Defendants reported inaccurate and false information on Plaintiff's credit report. As such, Plaintiff's credit score has decreased and has negatively impacted her ability to purchases/finance other goods and housing.

4. Plaintiff seeks damages, costs, and attorney's fees from Defendants for the above violations.

## JURISDICTION AND VENUE

5. This is an action for damages not exceeding $50,000.00, exclusive of interest, attorney's fees, and court costs.

6. Pursuant to Fla. Stat. § 26.012, and other applicable law, this Honorable Court has jurisdiction over each cause of action set forth herein.

7. Venue is proper in Hillsborough County, Florida, because the causes of action arose in Hillsborough County, Florida.

## PARTIES

8. Plaintiff, Rebecca Palencia, is a natural person residing in Hillsborough County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1681(a).

9. Defendant, Equifax Information Services, is a foreign limited liability company, is a citizen of Fulton County, Georgia, is headquartered in Georgia, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

10.     Equifax disburses such consumer reports to third parties of contract for monetary compensation.

11.     Defendant, TransUnion, is a foreign limited liability company, is a citizen of Cook County, Illinois, is headquartered in Illinois, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, TransUnion regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

12.     TransUnion disburses such consumer reports to third parties of contract for monetary compensation.

13.     Defendant, Experian Information Solutions, is a foreign profit corporation, is a citizen of Orange County, California, is headquartered in California, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by     15 U.S.C. § 1681(f) to third parties.

14.     Experian disburses such consumer reports to third parties of contract for monetary compensation.

15.     Defendant, Capital One, including its collection agents and assigns, is headquartered in Virginia, does business in the State of Florida, and is a "person" under 15 U.S.C. § 1681(b), and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

16.      Capital One failed furnished incorrect consumer reports to the credit reporting agencies.

3

17. Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

18. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they in advance that Defendants was likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

## **FACTUAL ALLEGATIONS**

19. Plaintiff was alleged to owe a debt (the "Alleged Debt").

20. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6). Namely, the Alleged Debt relates to Plaintiff's ex-boyfriend Capital One account that is inaccurately reporting an overdue balance owed to Capital One.

21. On or about July 2022, Plaintiff's ex-boyfriend signed up for a Capital One account and/or credit card.

22. On or about July 2023, a past due balance of $352.00 related to Plaintiff's ex-boyfriend's credit card on Plaintiff's credit reports.

23. Specifically, on or about July 2023, Capital One reported to Equifax, Experian, and TransUnion that Plaintiff's ex-boyfriend's Capital One account was 30 days past due as Plaintiff's responsibility.

4

24. On or about January 22, 2026, Plaintiff sent a dispute letter to Capital One disputing the validity and accurateness of her credit report. A copy of Plaintiff's dispute letter dated January 22, 2026, is attached hereto as **Exhibit A**. Capital One failed to acknowledge and/or accept the account belonged to Plaintiff's ex-boyfriend.

**B.    Credit Reporting Agencies**

25. On or about January 22, 2026, Plaintiff sent a dispute letter to Equifax disputing the validity and accurateness of her credit report. A copy of Plaintiff's dispute letter dated January 22, 2026, is attached hereto as **Exhibit B**.

26. Equifax failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit B**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

27. Equifax has continued to inaccurately report Plaintiff's ex-boyfriend's Capital One account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

28. Plaintiff's harm and/or damages is ongoing as Equifax has failed to correct the inaccuracies on her credit report.

29. On or about January 22, 2026, Plaintiff sent a dispute letter to TransUnion disputing the validity and accurateness of her credit report. A copy of Plaintiff's dispute letter dated January 22, 2026, is attached hereto as **Exhibit C**.

30. TransUnion failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit C**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

31. TransUnion has continued to inaccurately report the Capital One account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

32. Plaintiff's harm and/or damages is ongoing as TransUnion has failed to correct the inaccuracies on her credit report.

33. On or about January 22, 2026, Plaintiff sent a dispute letter to Experian disputing the validity and accurateness of her credit report. A copy of Plaintiff's dispute letter dated January 22, 2026, is attached hereto as **Exhibit D**.

34. Experian failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit D**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

35. Experian has continued to inaccurately report the Discover account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

36. Plaintiff's harm and/or damages is ongoing as Experian has failed to correct the inaccuracies on her credit report.

37. Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit credentials.

38. Plaintiff's damages pursuant to the FCRA have continued and are continuing as of the filing of this *Complaint*.

39. As described below, Defendants' conduct constitutes violations of the FCRA, as referenced above, because Defendants' inaccurate and incorrect reporting damaged Plaintiff and

hurt her ability to acquire property and loans due to his diminished credit worthiness. As a result of Defendants' conduct, Plaintiff suffered lost time, stress, and frustration.

## COUNT I

### VIOLATION OF THE FCRA BY EQUIFAX

40.     This is an action against Equifax for violation of 15 U.S.C. §1681e(b).

41.     Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

42.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

44.     In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees, and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FCRA BY EQUIFAX

46.    This is an action against Equifax for violation of 15 U.S.C. §1681i.

47.    Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

48.    Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

49.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

50.    In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

51.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCRA BY TRANSUNION

52.     This is an action against TransUnion for violation of 15 U.S.C. §1681e(b).

53.     Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

54.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

56.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

57.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

9

## COUNT IV

## VIOLATION OF THE FCRA BY TRANSUNION

58. This is an action against TransUnion for violation of 15 U.S.C. §1681i.

59. Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

60. TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

61. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

62. In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCRA BY EXPERIAN

64.    This is an action against Experian for violation of 15 U.S.C. §1681e(b).

65.    Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

66.    Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

68.    In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VI

## VIOLATION OF THE FCRA BY EXPERIAN

70.     This is an action against Experian for violation of 15 U.S.C. §1681i.

71.     Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

72.     Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

73.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

74.     In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

75.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VII

## VIOLATION OF THE FCRA BY CAPITAL ONE

76.     This is an action against Capital One for violation of 15 U.S.C. §1681e(b).

77.     Plaintiff re-alleges and reincorporates paragraphs 1 through 39, as if fully set forth herein.

78.     Capital One violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.     As a result of this conduct, action and inaction of Capital One, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

80.     In the alternative, Capital One was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Capital One k in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Capital One has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

13

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend.

7 and Fla. R. Civ. Pro. 1.430.

Dated: May 1, 2026

Respectfully Submitted,

**SHRADER MENDEZ**
902 N. Armenia Avenue
Tampa, Florida 33609
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/ Alejandro J. Mendez
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bls@smjustice.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: am@smjustice.com
*Attorneys for Plaintiff*

14

# EXHIBIT A

January 22, 2026

Rebecca E. Palencia

███████████████

Complaint Department
Capital One, National Association
P.O. Box 31293
Salt Lake City, UT 84131

**Re: Capital One, National Association Dispute**

Dear Sir or Madam:

I am writing to dispute the following information in my file.

Capital One, National Association ("Capital One") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, Capital One is inaccurately reporting a credit card on my credit report that does not belong to me. Specifically, Capital One is reporting a credit card that solely belonged to my ex-boyfriend. Capital One confirmed that the account belonged to my ex-boyfriend and he was the only authorized user on the account. Despite confirming that the credit card does not belong to me, Capital One continues to report the credit card to the credit reporting agencies. Capital One is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report. Therefore, please reinvestigate this matter and delete the inaccuracies within 30 days.

Sincerely,

_Rebecca Palencia_

Rebecca Palencia (Jan 21, 2026 13:35:48 EST)
**Rebecca E. Palencia**

# EXHIBIT B

January 22, 2026

Rebecca E. Palencia



Complaint Department
Equifax Information Services, LLC
P.O. Box 7404256
Atlanta, GA 30374

   RE:   **Equifax Information Services, LLC Dispute**

Dear Sir or Madam:

   I am writing to dispute the following information in my file.

   Equifax Information Services, LLC ("Equifax") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, Equifax is inaccurately reporting a Capital One ("Capital One") credit card that does not belong to me. Specifically, Equifax is reporting a Capital One credit card that solely belonged to my ex-husband. Capital One confirmed that the account belonged to my ex-boyfriend and he was the only authorized user on the account. Equifax is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report. Therefore, please reinvestigate this matter and delete the inaccuracies within 30 days.

Sincerely,

Rebecca Palencia (Jan 21, 2026 17:16:33 EST)
**Rebecca E. Palencia**

# EXHIBIT C

January 22, 2026

Rebecca E. Palencia

███████████████████

Consumer Solutions
TransUnion, LLC
P.O. Box 2000
Chester, PA 19022

      **Re:    TransUnion, LLC Dispute**

Dear Sir or Madam:

      I am writing to dispute the following information in my file.

      TransUnion, LLC ("TransUnion") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, TransUnion is inaccurately reporting a Capital One ("Capital One") credit card that does not belong to me. Specifically, TransUnion is reporting a Capital One credit card that solely belonged to my ex-boyfriend. Capital One confirmed that the account belonged to my ex-boyfriend and he was the only authorized user on the account. TransUnion is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report. Therefore, please reinvestigate this matter and delete the inaccuracies within 30 days.

Sincerely,

_Rebecca Palencia_

Rebecca Palencia (Jan 21, 2026 13:35:01 EST)

**Rebecca E. Palencia**

# EXHIBIT D

January 22, 2026

Rebecca E. Palencia



Dispute Department
Experian, PLC
P.O. Box 9701
Allen, TX 75013

  **Re:** **Experian, PLC Dispute**

Dear Sir or Madam:

  I am writing to dispute the following information in my file.

  Experian, PLC ("Experian") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, Experian is inaccurately reporting a Capital One ("Capital One") credit card that does not belong to me. Specifically, Experian is reporting a Capital One credit card that solely belonged to my ex-boyfriend. Capital One confirmed that the account belonged to my ex-boyfriend and he was the only authorized user on the account. Experian is in violation of 15 U.S.C. § 1681 ct scq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report. Therefore, please reinvestigate this matter and delete the inaccuracies within 30 days.

Sincerely,

Rebecca Palencia (Jan 21, 2026 13:34:30 EST)

**Rebecca E. Palencia**